

ELECTRONICALLY FILED
8/6/2019 9:05 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| BAYSIDE PROPERTY | ) | |
| CONSULTANTS, LLC, and | ) | |
| STEVE MEARS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV-2018-902497 |
| | ) | |
| CITY OF MOBILE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR JOINDER OF NECESSARY PARTY

Plaintiffs show to the Court that the U. S. Department of Housing and Urban

Development (HUD) is subject to the jurisdiction of this court and a necessary party

to this action if complete relief is to be accorded between those already parties, as

appears more fully from the affidavit attached hereto.

WHEREFORE, Plaintiffs move the court pursuant to Rule 19 of the Alabama

Rules of Civil Procedure for an order directing that HUD be joined in this action as

a party defendant.  See attached Affidavit in support of said Motion.

Respectfully submitted by,

*/s/ Bert P. Noojin*

Bert P. Noojin (NOO004)
Attorney for Plaintiffs

OF COUNSEL:
NOOJIN & NOOJIN, P.C.
Post Office Box 130
Fairhope, AL 36533
251-928-1066

Plaintiffs Motion to Add Party
Case No. CV-2018-902497
Page **2** of **2**

clerk@noojinlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August 2019, a copy of the foregoing was served on all counsel of record by the electronic notification given at the moment of filing by alafile.com.

*Bert P. Noojin*

Bert P. Noojin



ELECTRONICALLY FILED
8/29/2019 9:05 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY )
CONSULTANTS, LLC, and )
STEVE MEARS, )
     )
    Plaintiffs, )
     )
v. )     Case No. CV-2018-902497
     )
CITY OF MOBILE, *et al.*, )
     )
    Defendants. )

## <u>AFFIDAVIT</u>

**STATE OF ALABAMA**
**BALDWIN COUNTY**

Personally appeared Bert P. Noojin, attorney for Plaintiffs in the above-styled action, who, being duly sworn, says:

1. My name is Bert P. Noojin. I am the attorney for Plaintiffs in this case. I have personal knowledge of the above-styled action and more particularly, the facts in this motion.

2. This case involves Bayside Property Consultants, LLC's ("Bayside's") purchase of a 24 lot subdivision from Toulminville, LLC ("TLLC") in September, 2007. The property was subject to a transfer restriction imposed by HUD in May, 2004. This transfer restriction prohibited the property from being conveyed without the prior written approval of HUD. TLLC's predecessor in title did not get

Affidavit of Bert P. Noojin
Case No. CV- 2018-902497
Page **2** of **4**

the prior written approval from HUD before conveying to TLLC.  TLLC did not

get prior written approval from HUD before conveying to Bayside.

3.  The 5.99 acre parcel had been the site of an 83 unit apartment complex

for Section 8 housing.  After TLLC acquired title it demolished the apartment

complex and got the property subdivided into a 24 lot subdivision approved by the

Mobile Planning Commission.

4.  Bayside now ostensibly owns the property subject to the HUD transfer

restriction.  Bayside bought the property for the business purpose of selling lots in

the subdivision and building houses on the lots.  That business purpose is totally

defeated by the transfer restriction.

5.  Since HUD has the power to enforce the transfer restriction or abandon it,

and since HUD has failed and refused to enforce the restriction in the past, HUD is

in part responsible for the damages Bayside suffers.  HUD also has the power to

remedy the situation by releasing the property from the restriction.

6.  This court has jurisdiction over HUD pursuant to 42 U.S.C. §1404(a).

This section allows HUD to sue and be sued with respect to its "functions" and is

therefore a waiver of sovereign immunity.  The statute states:

> The Secretary of Housing and Urban Development may sue and
> be sued only with respect to its functions under the United States
> Housing Act of 1937, as amended, and title II of Public Law 671,
> Seventy-sixth Congress, approved June 28, 1940, as amended.
> Funds made available for carrying out the functions, powers, and

duties of the Secretary of Housing and Urban Development
(including appropriations therefor, which are authorized) shall be
available, in such amounts as may from year to year be
authorized by the Congress, for the administrative expenses of
the Secretary of Housing and Urban Development.
Notwithstanding any other provisions of law except provisions of
law enacted after August 10, 1948 expressly in limitation hereof,
the Secretary of Housing and Urban Development, or any State
or local public agency administering a low-rent housing project
assisted pursuant to the United States Housing Act of 1937 or
title II of Public Law 671, Seventy-sixth Congress, approved
June 28, 1940, shall continue to have the right to maintain an
action or proceeding to recover possession of any housing
accommodations operated by it where such action is authorized
by the statute or regulations under which such housing
accommodations are administered, and, in determining net
income for the purposes of tenant eligibility with respect to low-
rent housing projects assisted pursuant to said Acts, the Secretary
of Housing and Urban Development is authorized, where it finds
such action equitable and in the public interest, to exclude
amounts or portions thereof paid by the United States
Government for disability or death occurring in connection with
military service.
*42 U.S.C. § 1404(a).*

7.   The National Housing Act provides that in carrying out its provisions, the

Secretary of HUD is authorized in his or her official capacity to sue and be sued in

any court of competent jurisdiction, state or federal, and that this constitutes a

waiver of immunity by HUD. *Johnson v. Secretary of and U.S. Dept. of Housing*

*and Urban Development, Federal Housing Admin.,* 710 F. 2d 1130 (5th Cir. 1983).

8.   HUD is in a position to afford relief to the Plaintiff by removing the

transfer restriction.  Alternatively, the Court may give relief to the Plaintiff if HUD

Affidavit of Bert P. Noojin
Case No. CV- 2018-902497
Page **4** of **4**

is joined as a party and the Court declares the transfer restriction which was put on

the property in 2004 and has never been enforced is declared to be void.

Bert P. Noojin, Affiant

Subscribed and sworn to before me this 6th day of August 2019



Notary Public

My Commission Expires: _____



ANDREW CAYLOR NOOJIN
Notary Public, Alabama State At Large
My Commission Expires June 2, 2021



ELECTRONICALLY FILED
8/6/2018 9:08 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| BAYSIDE PROPERTY CONSULTANTS, LLC, and STEVE MEARS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF MOBILE, *et al.*, | ) ) |
| Defendants. | ) |

Case No. CV-2018-902497

## PLAINTIFFS' SECOND AMENDED COMPLAINT

The plaintiffs file this Second Amended Complaint and respectfully avers as follows:

### Summary of Second Amended Complaint

Plaintiffs file this Second Amended Complaint to add the U. S. Department of Housing and Urban Development (HUD) as a party needed for a just adjudication of this case per Rule 19 of the Alabama Rules of Civil Procedure. HUD has an interest in the subject property via a land use restriction prohibiting any change to the property without HUD's written approval.

Plaintiffs are also adding a new cause of action for declaratory relief against HUD asking the Court to find that the conveyance from Toulminville Partners, LLC to Bayside Property Consultants, LLC ("Bayside") was ineffective to transfer title to Bayside because a purported transfer of title in violation of a valid restraint on alienation is null and void. In the alternative, Bayside and Mears ask the court

to find that the restriction is unenforceable because the property is no longer suitable for Section 8 purposes and continued enforcement of the restriction would impose an undue hardship and would be inequitable in light of the development of the surrounding property and the demolition of the previous Section 8 housing.

## Second Amended Complaint

1.      Plaintiffs incorporate herein by reference each and every allegation contained in the Complaint, the First Amended Complaint and the Corrected First Amended Complaint as if those allegations were re-alleged verbatim herein.

2.      At all times herein mentioned the land which is the subject matter of this case was subject to land use restrictions which read as follows:

> During the term of this Agreement, any conveyance of the project must have the prior written approval of HUD. HUD's approval of conveyance and/or the proposed purchaser's management of the property will be based on information provided in written statements of how the purchaser, or any subsequent purchaser, in consideration of any and all existing use restrictions, will: (a) implement sound financial and physical management program (sic); (b) respond to the needs of the tenants and work cooperatively with resident organizations; (c) provide adequate organizational staff and resources to manage the project.
> (Exhibit A, Deed from Thomas M. Galloway, Jr. as Foreclosure Commissioner to Center Ridge Partners, LLC, recorded in the Probate Records of Mobile County at Book 5594, page 1731, 20 pages).

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **3** of **5**

3.      HUD allowed the property to be sold from Rehabbers Financial, Inc.,

d/b/a Aztec Financial, Inc. to Dixie Partners, LLC on December 27, 2006.  This

conveyance did not have the prior written approval of HUD.

4.      While the property was in the name of Dixie Partners the 83 Units of

Section 8 housing on the property were demolished without the consent of HUD.

Dixie Partners began doing business as Toulminville Partners, LLC.  It applied for

a resubdivision of the property into 30 single-family residences.   The Mobile

Planning Commission allowed this resubdivision.  Plaintiffs allege on information

and belief neither the demolition of the housing units nor the resubdivision was

done with the approval of HUD.

## Fifth Cause of Action
### (Declaratory Relief Against HUD)

5.      This action is brought pursuant to Code of Alabama, 1975, §§ 6-6-220

to 6-6-232, and Rule 57 of the Alabama Rules of Civil Procedure.

6.      The defendant is the U.S. Department of Housing and Urban

Development (HUD).

7.      A justiciable controversy exists between Bayside and HUD as to the

parties' rights, duties, and liabilities by virtue of a land use restriction imposed by

HUD on real estate purchased by Bayside.

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **4** of **5**

8.      Bayside asserts either the land use restriction is null and void, or the land use restriction is a valid restraint on alienation that makes a transfer in violation of the restriction null and void.

9.      In the alternative, Bayside avers the Court should declare the restriction to be unenforceable because the property is no longer suitable for Section 8 purposes and continued enforcement of the restriction would impose an undue hardship and would be inequitable in light of the development of the surrounding property and the demolition of the previous Section 8 housing.

10.      On information and belief, HUD avers the restriction is enforceable and it does not void the deed by which Bayside took title to the subject property.

WHEREFORE, Plaintiffs pray the Court will take jurisdiction of this cause, and upon a final hearing declare: (a) the rights, duties, and liabilities of the parties; and (b) enter such orders, judgments and decrees as may be necessary and proper to give effect to the rights, duties and liabilities of the parties as determined and declared by the court.

Respectfully submitted by,

/s/ *Bert P. Noojin*
Bert P. Noojin (NOO004)
Attorney for Plaintiffs

OF COUNSEL:
NOOJIN & NOOJIN, P.C.
Post Office Box 130

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **5** of **5**

Fairhope, AL 36533
251-928-1066
clerk@noojinlaw.com

/s/ *Marion E. Wynne*
Marion E. Wynne (WYN006)
Co-counsel for Plaintiffs

OF COUNCIL:
WILKINS, BANKESTER, BILES & WYNNE, P.A.
P. O. Box 1367
Fairhope, AL 36533
Telephone: (251) 928-1915
twynne@wbbwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August 2019, a copy of the foregoing was served on all counsel of record by the electronic notification given at the moment of filing by alafile.com.

*Bert P. Noojin*
Bert P. Noojin



ELECTRONICALLY FILED
8/8/2019 11:09 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **BAYSIDE PROPERTY CONSULTANTS, LLC, STEVE MEARS,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **V.** | * |
| | * |
| **CITY OF MOBILE, MOBILE CITY PLANNING COMMISSION, MOBILE CITY COUNCIL, TOULMINVILLE, LLC, et al.,** | * |
| | * |
| **Defendants.** | * |
| | * |

**CASE NO.:  2018-902497**

**ORAL ARGUMENT SET ON AUGUST 9, 2019**

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JOINDER OF NECESSARY PARTY AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

COME NOW Defendants, Toulminville, LLC, Philip Burton and J. Roe Burton (collectively "Defendants"), and file this Response in Opposition to Plaintiffs' Motion for Joinder of Necessary Party (Doc. 166) and Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 169) for failure to state a claim upon which relief may be granted, as follows:[1]

1.     Plaintiffs' Complaint (filed on September 27, 2018) asserts various causes of action against these Defendants (and others) arising out of Plaintiff, Bayside Property Consultants, LLC's purchase of real property from Defendant, Toulminville, LLC on or about September 13, 2007 ("the property"). (Complaint ¶ 23).

---

[1] Defendants also adopt and incorporate by reference all legal arguments set forth in Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 53), Defendants' Reply in Support of Motion to Dismiss (Doc. 116), and Defendants' Motion to Dismiss First Amended Complaint (Doc. 129).

{B3229952}

1

2.      On December 19, 2018, Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Ala. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 53).

3.      Thereafter, on April 1, 2019, Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. 105), and the Court heard oral arguments on these Motions on March 22, 2019.

4.      On April 23, 2019, the Court entered an Order granting Defendants' Motion to Dismiss (Doc. 137), and Plaintiffs filed a Motion to Amend, Alter or Vacate pursuant to Rule 59(e) of the Alabama Rules of Civil Procedure on May 23, 2019. (Doc. 140).

5.      Defendants filed a Response in Opposition to Plaintiffs' Rule 59(e) Motion on May 29, 2019. (Doc. 144).  Plaintiffs' Motion to Amend, Alter or Vacate is set for hearing on August 9, 2019. (Doc. 159).

6.      Three days before the hearing on their Motion to Amend, Alter or Vacate the Court's April 23, 2019 Order, Plaintiffs' now seek leave from the Court to add the U.S. Department of Housing and Urban Development ("HUD") as a party and to amend the Complaint accordingly. (Docs. 166, 169).

7.      Plaintiffs' Motion for Leave to add HUD as a party should be denied for several reasons.  First, Alabama Rule of Civil Procedure 78 provides, in part:

> Unless the court orders otherwise, an order granting a motion to dismiss shall be deemed to permit an automatic right of amendment of the pleading to which the motion is directed *within ten (10) days from service of the order.*

Ala. R. Civ. P. 78. (emphasis added). Plaintiffs' Motion for Joinder of Necessary Party (and corresponding Second Amended Complaint) were not filed until August 6, 2019 -- more than three (3) months after entry of the Court's Order dismissing this action. Thus, any amendment to the Complaint is barred pursuant to Ala. R. Civ. P. 78.

8.      Furthermore, the additional claims Plaintiff seeks to add are also barred by the applicable statutes of limitation.  This Court entered an Order on April 23, 2019 dismissing all claims against all defendants pursuant to the applicable statutes of limitations.  That ruling on the same issues, claims and occurrences is the law of the case and should certainly govern and result in a consistent ruling on Plaintiffs' Motion for Joinder of HUD as a defendant (and Plaintiffs' corresponding Second Amended Complaint). *See, Belcher v. Queen*, 39 So. 3d 1023, 1038 (Ala. 2009) **("The law-of-the-case doctrine provides that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the same case, thereby hastening an end to litigation by foreclosing the possibility of repeatedly litigating an issue already decided.")** (emphasis added).

9.      This Court has already ruled that all of Plaintiffs' claims are time-barred. The Second Amended Complaint merely seeks to add another defendant, but all of the allegations arise out of the same facts and occurrences as pled in Plaintiffs' original Complaint.  Thus, these new filings (Docs. 166 – 169) do not materially change the legal arguments set forth in Defendants' Motion to Dismiss, and therefore, all legal arguments and authority cited therein are also applicable to Plaintiffs' Motion for Joinder of Necessary Party and Second Amended Complaint.  As such, Plaintiffs' Second Amended Complaint

is also due to be dismissed for failure to state a claim against these Defendants upon which relief can be granted.

WHEREFORE, the premises considered, Defendants respectfully request this Court enter an Order DENYING Plaintiffs' Motion for Joinder of Necessary Party (Doc. 166) and dismissing Plaintiffs' Second Amended Complaint (Doc. 169), with prejudice, against Defendants Toulminville, LLC, Philip Burton and J. Roe Burton.

Respectfully submitted,

*/s/ M. Warren Butler*
M. WARREN BUTLER (BUT021)
BETH LEE LILES (LEE059)
Attorneys for Defendants
Toulminville, LLC, Philip Burton and
J. Roe Burton
Starnes Davis Florie LLP
11 North Water Street, Suite 20290
Mobile, AL   36602
Phone:  (251) 433-6049
Fax:  (251) 433-5901
mwb@starneslaw.com
bll@starneslaw.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via ALAFILE or by U. S. MAIL, postage prepaid, this the 8th day of August, 2019:

Bert P. Noojin, Esq.
Noojin & Noojin, P.C.
P. O. Box 130
Fairhope, AL  36532
(Attorney for Plaintiffs)

George Gaston, Esq.
R. Scott Traweek, Esq.
Galloway Johnson Thompkins
  Burr & Smith
63 S. Royal Street, Suite 302
Mobile, AL  36602
(Attorneys for Bakerville-Donovan, Inc. and Joe Regan)

Craig Hamilton, Esq.
McDowell Knight Roedder & Sledge, LLC
P. O. Box 350
Mobile, AL  36601
(Attorney for Crane Title, Inc.)

Wanda J. Cochran, Esq.
465 Dauphin Street
Mobile, AL  36602
(Attorney for Mobile City Council)

John L. Lawler, Esq.
Post Office Box 47
Mobile, Alabama 36601
(Attorney for Williams Engineering & Construction Company, Inc. and Don Williams)

Keri Coumanis, Esq.
P. O. Box 1827
Mobile, AL  36633-1827
(Attorney for City of Mobile)

Doug Anderson, Esq.
Christine B. Segarra, Esq.
Burr & Forman, LLP
P. O. Box 2287
Mobile, AL  36652-2287
(Attorneys for City of Mobile, Surety Land Title, Inc., and Mobile City Planning
Commission)

Helen Emmons
9505 Foshee Road
Brewton, AL   36426

Exit Realty, LLC
12150 Boulet Drive
Coden, AL   36523


/s/ Warren Butler
WARREN BUTLER

ELECTRONICALLY FILED
8/8/2019 2:05 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| BAYSIDE PROPERTY CONSULTANTS, LLC, STEVE MEARS, | * * * * | |
| Plaintiffs, | * * | CASE NO.: CV-2018-902497 |
| vs. | * * | |
| CITY OF MOBILE, MOBILE CITY PLANNING COMMISSION, MOBILE CITY COUNCIL, CRANE TITLE, INC., et al., | * * * * * | |
| Defendants. | * | |

### DEFENDANT CRANE TITLE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JOINDER OF NECESSARY PARTY AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Comes now Defendant Crane Title, Inc. ("Crane") and submits this Response in Opposition to Plaintiffs' Motion for Joinder of Necessary Party and Motion to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief may be granted. The Second Amended Complaint is attached hereto as Exhibit A. In support thereof, Crane adopts and incorporates herein the same grounds and reasons stated in the response of Defendants Toulminville, LLC, Phillip Burton, and J. Roe Burton (Doc. 175).

WHEREFORE, based on the foregoing, Crane requests an order denying Plaintiffs' Motion for Joinder of Necessary Party and granting Crane's Motion to Dismiss Plaintiffs' Second Amended Complaint, with prejudice.

/s/ *W. CRAIG HAMILTON*
W. Craig Hamilton (HAM069)
chamilton@mcdowellknight.com
*Attorney for Defendant Crane Title, Inc.*

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER
 & SLEDGE, L.L.C.
11 North Water St., Ste. 13290
Mobile, Alabama  36602
(251) 432-5300 (phone)
(251) 432-5303 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2019, I electronically filed the foregoing with the Clerk of Court using the Alafile electronic document filing system which sends notification of such filing to the following attorneys of record:

Bert P. Noojin, Esq.
Noojin & Noojin, P.C.
P. O. Box 130
Fairhope, AL 36533
clerk@noojinlawfirm.com
*Attorney for Plaintiffs*

Marion E. Wynne
Wilkins, Bankester, Biles & Wynne, P.A.
P.O. Box 1367
Fairhope, AL 36533
twynne@wbbwlaw.com
*Co-counsel for Plaintiffs*

Keri Coumanis, Esq.
City of Mobile Legal Department
205 Government Street
Mobile, AL 36602
coumanis@cityofmobile.org

2

Douglas L. Anderson, Esq.
Burr & Forman, LLP
P. O. Box 2287
Mobile, AL 36652
danderson@burr.com
*Attorney for Defendants the City of Mobile,*
*Mobile City Planning Commission, and*
*Surety Land Title, Inc.*

John L. Lawler, Esq.
P. O. Box 47
Mobile, AL 36601
lawler@micro-comm.com
*Attorney for Defendants Williams Engineering*
*And Don Williams*

M. Warren Butler, Esq.
Beth Lee Liles, Esq.
Starnes Davis Florie LLP
11 North Water Street, Suite 20290
Mobile, AL 36602
mwb@starneslaw.com
bll@starneslaw.com
*Attorneys for Defendants*
*Toulminville, LLC, Philip Burton and*
*J. Roe Burton*

R. Scott Traweek, Esq.
George C. Gaston, Esq.
Galloway, Johnson, Tompkins, Burr & Smith, PLC
63 S. Royal Street, Suite 302
Mobile, AL 36602
ggaston@gallowayjohnson.com
*Attorneys for Defendants Baskerville-Donovan, Inc.*
*and Joe Reagan*

Wanda J. Cochran, Esq.
465 Dauphin Street
Mobile, AL 36602
wanda@citylawal.com
*Attorney for Mobile City Council*

3

I further certify that I have this 8th day of August, 2019, served a copy of the foregoing by placing the same in the United States Mail properly addressed and first class postage prepaid to the following:

Helen Emmons
9505 Foshee Road
Brewton, AL 36426

Exit Realty, LLC
12150 Boulet Drive
Coden, AL 36523

/s/ *W. CRAIG HAMILTON*

4

ELECTRONICALLY FILED
8/8/2019 2:06 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# EXHIBIT A



ELECTRONICALLY FILED
8/6/2019 9:08 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY        )
CONSULTANTS, LLC, and   )
STEVE MEARS,            )
                        )
    Plaintiffs,         )
                        )
v.                      )         Case No. CV-2018-902497
                        )
CITY OF MOBILE, *et al.*,   )
                        )
    Defendants.         )

## <u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>

The plaintiffs file this Second Amended Complaint and respectfully avers as follows:

### Summary of Second Amended Complaint

Plaintiffs file this Second Amended Complaint to add the U. S. Department of Housing and Urban Development (HUD) as a party needed for a just adjudication of this case per Rule 19 of the Alabama Rules of Civil Procedure. HUD has an interest in the subject property via a land use restriction prohibiting any change to the property without HUD's written approval.

Plaintiffs are also adding a new cause of action for declaratory relief against HUD asking the Court to find that the conveyance from Toulminville Partners, LLC to Bayside Property Consultants, LLC ("Bayside") was ineffective to transfer title to Bayside because a purported transfer of title in violation of a valid restraint on alienation is null and void. In the alternative, Bayside and Mears ask the court

to find that the restriction is unenforceable because the property is no longer

suitable for Section 8 purposes and continued enforcement of the restriction would

impose an undue hardship and would be inequitable in light of the development of

the surrounding property and the demolition of the previous Section 8 housing.

### Second Amended Complaint

1.      Plaintiffs incorporate herein by reference each and every allegation

contained in the Complaint, the First Amended Complaint and the Corrected First

Amended Complaint as if those allegations were re-alleged verbatim herein.

2.      At all times herein mentioned the land which is the subject matter of

this case was subject to land use restrictions which read as follows:

> During the term of this Agreement, any conveyance of the
> project must have the prior written approval of HUD.  HUD's
> approval of conveyance and/or the proposed purchaser's
> management of the property will be based on information
> provided in written statements of how the purchaser, or any
> subsequent purchaser, in consideration of any and all existing use
> restrictions, will: (a) implement sound financial and physical
> management program (sic); (b) respond to the needs of the
> tenants and work cooperatively with resident organizations; (c)
> provide adequate organizational staff and resources to manage
> the project.
> (Exhibit A, Deed from Thomas M. Galloway, Jr. as Foreclosure
> Commissioner to Center Ridge Partners, LLC, recorded in the
> Probate Records of Mobile County at Book 5594, page 1731, 20
> pages).

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **3** of **5**

3.      HUD allowed the property to be sold from Rehabbers Financial, Inc.,

d/b/a Aztec Financial, Inc. to Dixie Partners, LLC on December 27, 2006.  This

conveyance did not have the prior written approval of HUD.

4.      While the property was in the name of Dixie Partners the 83 Units of

Section 8 housing on the property were demolished without the consent of HUD.

Dixie Partners began doing business as Toulminville Partners, LLC.  It applied for

a resubdivision of the property into 30 single-family residences.   The Mobile

Planning Commission allowed this resubdivision.  Plaintiffs allege on information

and belief neither the demolition of the housing units nor the resubdivision was

done with the approval of HUD.

### Fifth Cause of Action
### (Declaratory Relief Against HUD)

5.      This action is brought pursuant to Code of Alabama, 1975, §§ 6-6-220

to 6-6-232, and Rule 57 of the Alabama Rules of Civil Procedure.

6.      The defendant is the U.S. Department of Housing and Urban

Development (HUD).

7.      A justiciable controversy exists between Bayside and HUD as to the

parties' rights, duties, and liabilities by virtue of a land use restriction imposed by

HUD on real estate purchased by Bayside.

8.     Bayside asserts either the land use restriction is null and void, or the land use restriction is a valid restraint on alienation that makes a transfer in violation of the restriction null and void.

9.     In the alternative, Bayside avers the Court should declare the restriction to be unenforceable because the property is no longer suitable for Section 8 purposes and continued enforcement of the restriction would impose an undue hardship and would be inequitable in light of the development of the surrounding property and the demolition of the previous Section 8 housing.

10.     On information and belief, HUD avers the restriction is enforceable and it does not void the deed by which Bayside took title to the subject property.

WHEREFORE, Plaintiffs pray the Court will take jurisdiction of this cause, and upon a final hearing declare: (a) the rights, duties, and liabilities of the parties; and (b) enter such orders, judgments and decrees as may be necessary and proper to give effect to the rights, duties and liabilities of the parties as determined and declared by the court.

Respectfully submitted by,

/s/ *Bert P. Noojin*
Bert P. Noojin (NOO004)
Attorney for Plaintiffs

OF COUNSEL:
NOOJIN & NOOJIN, P.C.
Post Office Box 130

Fairhope, AL 36533
251-928-1066
clerk@noojinlaw.com

/s/ Marion E. Wynne
Marion E. Wynne (WYN006)
Co-counsel for Plaintiffs

OF COUNCIL:
WILKINS, BANKESTER, BILES & WYNNE, P.A.
P. O. Box 1367
Fairhope, AL 36533
Telephone: (251) 928-1915
twynne@wbbwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2019, a copy of the foregoing was served on all counsel of record by the electronic notification given at the moment of filing by alafile.com.

Bert P. Noojin
Bert P. Noojin



ELECTRONICALLY FILED
8/25/2019 3:05 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY CONSULTANTS, )
LLC, )
MEARS STEVE, )
Plaintiffs, )
)
V. ) Case No.:     CV-2018-902497.00
)
CITY OF MOBILE, )
MOBILE CITY PLANNING )
COMMISSION, )
MOBILE CITY COUNSEL, )
TOULMINVILLE LLC ET AL, )
Defendants. )

## ORDER

MOTION TO ADD PARTY filed by MEARS STEVE is hereby GRANTED.

**DONE this 25th day of August, 2019.**

**/s/ JILL PARRISH PHILLIPS**
**CIRCUIT JUDGE**



AlaFile E-Notice


ELECTRONICALLY FILED
10/7/2019 2:54 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

02-CV-2018-902497.00

To:   Bert Powell Noojin
      bert@noojinlawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY CONSULTANTS, LLC ET AL V. CITY OF MOBILE ET AL
02-CV-2018-902497.00

The following complaint was FILED on 8/6/2019 9:10:46 AM

Notice Date:      8/6/2019 9:10:46 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



ELECTRONICALLY FILED
8/23/2019 9:08 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY            )
CONSULTANTS, LLC, and       )
STEVE MEARS,                )
                            )
    Plaintiffs,            )
                            )
v.                          )            Case No. CV-2018-902497
                            )
CITY OF MOBILE, *et al*.,    )
                            )
    Defendants.            )

## <u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>

The plaintiffs file this Second Amended Complaint and respectfully avers as follows:

### Summary of Second Amended Complaint

Plaintiffs file this Second Amended Complaint to add the U. S. Department of Housing and Urban Development (HUD) as a party needed for a just adjudication of this case per Rule 19 of the Alabama Rules of Civil Procedure. HUD has an interest in the subject property via a land use restriction prohibiting any change to the property without HUD's written approval.

Plaintiffs are also adding a new cause of action for declaratory relief against HUD asking the Court to find that the conveyance from Toulminville Partners, LLC to Bayside Property Consultants, LLC ("Bayside") was ineffective to transfer title to Bayside because a purported transfer of title in violation of a valid restraint on alienation is null and void. In the alternative, Bayside and Mears ask the court

to find that the restriction is unenforceable because the property is no longer suitable for Section 8 purposes and continued enforcement of the restriction would impose an undue hardship and would be inequitable in light of the development of the surrounding property and the demolition of the previous Section 8 housing.

## Second Amended Complaint

1.      Plaintiffs incorporate herein by reference each and every allegation contained in the Complaint, the First Amended Complaint and the Corrected First Amended Complaint as if those allegations were re-alleged verbatim herein.

2.      At all times herein mentioned the land which is the subject matter of this case was subject to land use restrictions which read as follows:

> During the term of this Agreement, any conveyance of the project must have the prior written approval of HUD.  HUD's approval of conveyance and/or the proposed purchaser's management of the property will be based on information provided in written statements of how the purchaser, or any subsequent purchaser, in consideration of any and all existing use restrictions, will: (a) implement sound financial and physical management program (sic); (b) respond to the needs of the tenants and work cooperatively with resident organizations; (c) provide adequate organizational staff and resources to manage the project.
> (Exhibit A, Deed from Thomas M. Galloway, Jr. as Foreclosure Commissioner to Center Ridge Partners, LLC, recorded in the Probate Records of Mobile County at Book 5594, page 1731, 20 pages).

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **3** of **5**

3.      HUD allowed the property to be sold from Rehabbers Financial, Inc., d/b/a Aztec Financial, Inc. to Dixie Partners, LLC on December 27, 2006.  This conveyance did not have the prior written approval of HUD.

4.      While the property was in the name of Dixie Partners the 83 Units of Section 8 housing on the property were demolished without the consent of HUD. Dixie Partners began doing business as Toulminville Partners, LLC.  It applied for a resubdivision of the property into 30 single-family residences.  The Mobile Planning Commission allowed this resubdivision.  Plaintiffs allege on information and belief neither the demolition of the housing units nor the resubdivision was done with the approval of HUD.

### Fifth Cause of Action
### (Declaratory Relief Against HUD)

5.      This action is brought pursuant to Code of Alabama, 1975, §§ 6-6-220 to 6-6-232, and Rule 57 of the Alabama Rules of Civil Procedure.

6.      The defendant is the U.S. Department of Housing and Urban Development (HUD).

7.      A justiciable controversy exists between Bayside and HUD as to the parties' rights, duties, and liabilities by virtue of a land use restriction imposed by HUD on real estate purchased by Bayside.

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **4** of **5**

8.      Bayside asserts either the land use restriction is null and void, or the land use restriction is a valid restraint on alienation that makes a transfer in violation of the restriction null and void.

9.      In the alternative, Bayside avers the Court should declare the restriction to be unenforceable because the property is no longer suitable for Section 8 purposes and continued enforcement of the restriction would impose an undue hardship and would be inequitable in light of the development of the surrounding property and the demolition of the previous Section 8 housing.

10.     On information and belief, HUD avers the restriction is enforceable and it does not void the deed by which Bayside took title to the subject property.

WHEREFORE, Plaintiffs pray the Court will take jurisdiction of this cause, and upon a final hearing declare: (a) the rights, duties, and liabilities of the parties; and (b) enter such orders, judgments and decrees as may be necessary and proper to give effect to the rights, duties and liabilities of the parties as determined and declared by the court.

Respectfully submitted by,

/s/ *Bert P. Noojin*
Bert P. Noojin (NOO004)
Attorney for Plaintiffs

OF COUNSEL:
NOOJIN & NOOJIN, P.C.
Post Office Box 130

Plaintiffs Second Amended Complaint
Case No. CV-2018-902497
Page **5** of **5**

Fairhope, AL 36533
251-928-1066
clerk@noojinlaw.com

_/s/ Marion E. Wynne_
Marion E. Wynne (WYN006)
Co-counsel for Plaintiffs

OF COUNCIL:
WILKINS, BANKESTER, BILES & WYNNE, P.A.
P. O. Box 1367
Fairhope, AL 36533
Telephone: (251) 928-1915
twynne@wbbwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2019, a copy of the foregoing was served on all counsel of record by the electronic notification given at the moment of filing by alafile.com.

_Bert P. Noojin_
Bert P. Noojin

Defendant U.S. Department of Housing and Urban Development to be served a copy of this complaint via certified mail by filer at 451 7th Street, SW, Washington, DC 20410

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2018-902497.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### BAYSIDE PROPERTY CONSULTANTS, LLC ET AL V. CITY OF MOBILE ET AL

**NOTICE TO:** S DEPT U HOUSING, 451 7TH STREET SW, WASHINGTON, DC 20410

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Marion E Wynne                                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P. O. Box 1367, Fairhope, AL 36533                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of BAYSIDE PROPERTY CONSULTANTS, LLC
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/07/2019 | /s/ JOJO SCHWARZAUER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Marion E Wynne

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                    .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                    County,

*(Name of Person Served)*          *(Name of County)*

Alabama on                          .

*(Date)*

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Server's Printed Name)*     *(Phone Number of Server)*



AlaFile E-Notice

02-CV-2018-902497.00

To:  KASEE GARNET SPARKS HEISTERHAGEN
kasee.heisterhagen@usdoj.gov

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BAYSIDE PROPERTY CONSULTANTS, LLC ET AL V. CITY OF MOBILE ET AL
02-CV-2018-902497.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 12/18/2019
3:22:17 PM

Notice Date:      12/18/2019 3:22:17 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
12/18/2018 3:52 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**BAYSIDE PROPERTY CONSULTANTS
LLC, and STEVE MEARS,**

      **Plaintiffs,**

**v.**                                             **Case No. CV-2018-902497**

**CITY OF MOBILE,** *et al,*

      **Defendants.**

### <u>NOTICE OF NON-SERVICE</u>

Come now the United States of America and its agency the U.S. Department of Housing and Urban Development (HUD) (collectively, the "Federal Defendants"), by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, and the undersigned Assistant United States Attorneys, and notify this Court that proper service has not been effectuated on the Federal Defendants in this matter.

Federal Rule of Civil Procedure 4(i)(l)(B) sets forth the standard for perfecting service on the United States (except where otherwise set forth by statute). In order to serve the United States, Plaintiffs must (1) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C., (Fed. R. Civ. P. 4(i)(B)) and (2) must also deliver a copy of the summons and the complaint to the United States Attorney for the district where the action is brought (Fed. R. Civ. P. 4(i)(A)). Further, where a plaintiff intends to sue an agency of the United States, it must also serve the United States and send a copy of the summons and complaint by registered or certified mail to the agency itself. (Fed. R. Civ. P. (i)(2)).

In this matter, service has not been properly perfected on the Federal Defendants.  Prior to submitting this Notice, undersigned counsel contacted one of the attorneys of record for Plaintiffs and notified them of proper method of service so that proper service may be effectuated promptly.

Wherefore, the Federal Defendants respectfully request that their time to answer the Second Amended Complaint (Doc. 194) shall not be sooner than 60 days from the time service is perfected by proper service of the summons and Second Amended Complaint on the United States, if at all.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY


By:  */S/ Holly L. Wiseman*
Holly L. Wiseman
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: 251-415-7104
Email: holly.wiseman@usdoj.gov



By:  */S/ Kasee Heisterhagen*
Kasee Heisterhagen
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: 251-415-7186
Email:  kasee.heisterhagen@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2019, the foregoing was electronically filed with the Clerk of the Court using the AlafFile system which will send notification of such filing to the following:

Bert P. Noojin, Esq.
Marion W. Wynne, Esq.
Attorneys for Plaintiffs

John L. Lawler
Attorney for Don Williams and Williams
Engineering & Construction Co., Inc.

Douglas L. Anderson
Christine Segarra
Attorneys for the City of Mobile and Mobile
City Planning Commission and Surety Land
Title, Inc.

George C. Gaston
Robert Scott Traweek
Attorneys for Baskerville-Donovan, Inc. and
Joe Reagan

Wanda Cochran
Attorney for Mobile City Counsel

Craig Hamilton
Attorney for Crane Title, Inc.

M. Warren Butler
Sara Elizabeth Lee Liles
Attorneys for Toulminville, LLC, Philip
Burton and J. Roe Burton

and I hereby certify that I caused to be mailed by United States Postal Service, postage prepaid, the document to the following:

Helen Emmons
9505 Foshee Raod
Brewton, AL 36426

Exit Realty
12150 Boulet Drive
Coden, AL 36523

*/S/ Kasee Heisterhagen*

_____
Assistant United States Attorney

ELECTRONICALLY FILED
12/19/2019 10:25 AM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**BAYSIDE PROPERTY CONSULTANTS
LLC, and STEVE MEARS,**

      **Plaintiffs,**

**v.**                                       **Case No. CV-2018-902497**

**CITY OF MOBILE,** *et al,*

      **Defendants.**

### NOTICE OF APPEARANCE

Assistant United States Attorney Holly L. Wiseman hereby enters her appearance as additional counsel on behalf of the United States of America and its agency, the U.S. Department of Housing and Urban Development (HUD).

                        Respectfully submitted,

                        RICHARD W. MOORE
                        UNITED STATES ATTORNEY

By: _____
                        Holly L. Wiseman
                        Assistant United States Attorney
                        63 South Royal Street, Suite 600
                        Mobile, Alabama 36602
                        Telephone: 251-415-7104
                        Email: holly.wiseman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2019, the foregoing was electronically filed with the Clerk of the Court using the AlafFile system which will send notification of such filing to the following:

Bert P. Noojin, Esq.
Marion W. Wynne, Esq.
Attorneys for Plaintiffs

Douglas L. Anderson
Christine Segarra
Attorneys for the City of Mobile and Mobile
City Planning Commission and Surety Land
Title, Inc.

Wanda Cochran
Attorney for Mobile City Counsel

M. Warren Butler
Sara Elizabeth Lee Liles
Attorneys for Toulminville, LLC, Philip
Burton and J. Roe Burton

John L. Lawler
Attorney for Don Williams and Williams
Engineering & Construction Co., Inc.

George C. Gaston
Robert Scott Traweek
Attorneys for Baskerville-Donovan, Inc. and
Joe Reagan

Craig Hamilton
Attorney for Crane Title, Inc.

and I hereby certify that I caused to be mailed by United States Postal Service, postage prepaid, the document to the following:

Helen Emmons
9505 Foshee Road
Brewton, AL 36426

Exit Realty
12150 Boulet Drive
Coden, AL 36523

Assistant United States Attorney

ELECTRONICALLY FILED
1/17/2020 1:59 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X David Huolers ☐ Agent ☐ Addressee

B. Received by (Printed Name)   Taci Huolers   C. Date of Delivery   1-1.2020

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**COMPLETE THIS SECTION**

1, 2, and 3.
and address on the reverse
return the card to you.
to the back of the mailpiece,
space permits.

o: Clerk
S Attorney
1 St., Ste. 600
3602

Article Number (Transfer from service label)
7018 1830 0000 7131 5599

2 4417 8248 1645 55

ELECTRONICALLY FILED
1/17/2020 2:00 PM
02-CV-2018-902497.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

7018 1830 0000 7131 5568

icle Number *(Transfer from service label)*

02 4417 8248 1645 62

s 1, 2, and 3.
e and address on the reverse
return the card to you.
d to the back of the mailpiece,
if space permits.

to:

ncy General
of Justice
Sylvania Ave. N.W.
D.C. 20530

PLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addresse

B. Received by *(Printed Name)*    C. Date of Deliver

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ad Mail
☐ ed Mail Restricted Delivery
($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery